DIAZ, Justice,
dissenting from withdrawal of the former opinion and appointment of Special Justices:
¶ 31. I respectfully dissent from the majority’s decision to withdraw the original opinion in this matter and substitute an order wherein the attorneys for the parties are encouraged to select an agreed panel of special justices to hear the case, or if that is not feasible, ask the Governor to appoint a special panel of justices to hear the matter.
¶ 32. Since seven of the justices on this Court find it necessary to recuse themselves from this case, despite no motion to that effect and despite the fact that many of the justices on this Court have participated in some aspect of this case over the last two years, the better option, in my opinion, is for us to assign this case to the Mississippi Court of Appeals. Miss.Code Ann. § 9-4-3 (Supp.1999) sets forth the jurisdiction of the Mississippi Court of Appeals. This Court “shall retain appeals in cases imposing the death penalty, or cases involving utility rates, annexations, bond issues, election contests, or a statute held unconstitutional by the lower court.” Id. § 9-4-3(l). Other than these specified types of appeals, this Court may, at any time prior to the issuance of an opinion or ruling disposing of a case or matter before it, transfer a case to the Mississippi Court of Appeals if this Court determines that an expeditious disposition requires such. The case before us today is a routine matter&emdash;a dispute over state retirement benefits&emdash; which is regularly assigned to the Mississippi Court of Appeals. See, e.g., Burns v. Public Employees Retirement Sys., 748 So.2d 181 (Miss.Ct.App.1999). Furthermore, to encourage the parties to select an agreed panel of justices is unusual, and invoking the unused constitutional provision which seeks a selection by the Governor of a special panel of justices, delays justice where a better and more expedient remedy exists-assignment to the Mississippi Court of Appeals.
¶ 33. Since this matter is not constitutionally or statutorily required to be heard by this Court, it is a better choice to assign it to the Mississippi Court of Appeals for disposition. Accordingly, I dissent from the majority’s decision here today.